Dr. Marian G. Lacey Assistant Superintendent Little Rock School District 810 W. Markham Little Rock, AR 72201
Dear Dr. Lacey:
This is in response to your request for an opinion pursuant to the Arkansas Information Act (FOIA), which provides, under A.C.A. §25-19-105(c)(3)(B), for the Attorney General's review of the custodian's decision with respect to the release of personnel or evaluation records. You state in your request that the material in question may be exempt from disclosure under A.C.A. § 25-19-105(b)(12), which exempts "personnel records" to the extent that disclosure would constitute a "clearly unwarranted invasion of personal privacy." You also indicate that the District intends to release the records in the absence of a contrary opinion from this office.
RESPONSE
As an initial matter, I must note that the Attorney General's authority under § 25-19-105(c)(3)(B) is to review the decision of the custodian of the records with regard to the release or withholding of personnel or employee evaluation/job performance records. Section 25-19-105(c)(3)(B) permits the subject of the records, the custodian of the records, and the requestor to seek an opinion from the Attorney General concerning whether the decision of the custodian is consistent with the FOIA. I am uncertain in this instance whether the custodian of the records has made an initial decision as to the release of the records. You have suggested that the exemption pertaining to "personnel records" may be applicable, but it is unclear whether any decision has been made with regard to specific records. I will, therefore, set forth the applicable legal analysis to guide the custodian in making the decision with regard to these particular records. I reiterate, however, that it is the responsibility of the custodian to make the initial review and determination, subject to my review if requested. This necessarily follows from the fact that I lack both the resources and the authority to act as a fact finder in reviewing specific records, and am thus limited in my ability to make a final determination.
It appears from my review that most of the employee-related records at issue could constitute either "personnel records" or "employee evaluation/job performance records," both of which can be exempt from disclosure under certain circumstances. The custodian must classify the records properly in order to determine whether they are subject to release under the FOIA. The classification of records is crucial because the standards for disclosing the different types of records differ. "Personnel records" are subject to disclosure except to the extent that disclosure would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12). "Employee evaluation or job performance records" on the other hand, (including "preliminary notes and other materials"), are disclosable only if the following conditions have been met: (1) There has been a final administrative resolution of any suspension or termination proceeding; (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and (3) There is a compelling public interest in the disclosure of the records in question. A.C.A. § 25-19-105(c)(1).
Personnel Records
The FOIA does not define the term "personnel records." However, this office has consistently taken the position that "personnel records" are all records, other than employee evaluation/job performance records (see discussion below), that pertain to individual employees, former employees, or job applicants. See, e.g., Ark. Op. Att'y Gen. Nos.2000-130 and 99-147, citing J. Watkins, The Arkansas Freedom ofInformation Act (m m Press, 3rd ed. 1998) at 134. If the records are not directed to or do not pertain to specific employees, but instead address District guidelines or policies generally, then the "personnel records" exemption will not apply and the record(s) will likely be open to public inspection.
If you determine, based upon this analysis, that any of the documents in question are, in fact, "personnel records," the issue becomes whether their release would constitute a clearly unwarranted invasion of the personal privacy of the employees to whom the records pertain. The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase and adopted a balancing test to determine if it applies, weighing the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice,308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the personnel records must be disclosed. The court in Young stated:
 The fact that section § 25-19-105(b)(12) exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain `warranted' privacy invasions will be tolerated. Thus, section § 25-19-105(b)(12) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section § 25-19-105(b)(12) allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interest and disclosure will be favored.
308 Ark. at 598.
My review of the records in question reveals no information giving rise to a privacy interest that outweighs the public's interest in being informed regarding the conduct of public school employees during school hours or school-related events. Thus, in my opinion, any of these records that are determined to be personnel records, following the above analysis, should be released for public inspection and copying.
Employee Evaluation/Job Performance Records
Neither the FOIA nor the courts have defined the phrase "employee evaluation or job performance record." However, this office has consistently taken the general position that records relating to an employee's performance or lack of performance on the job are properly classified as job performance records under the FOIA. See, e.g., Ark. Ops. Att'y Gen. Nos. 96-132; 91-324. Formal, written employee evaluations of course qualify. This office has also previously opined that documents such as written reprimands and letters of caution, documents upon which a recommendation for dismissal was based, and letters related to promotions and demotions are "job performance records." See, e.g., Ops. Att'y Gen. Nos. 99-147; 93-105, 93-055, 92-231, 92-191, 91-324, and 91-303. Additionally, this office has consistently opined that internal affairs investigation records involving a specific incident or incidents, and involving specific employees, generally constitute "employee evaluation or job performance" records if they detail actions of employees within the scope of their employment. See, e.g., Ops. Att'y Gen. Nos. 98-296; 97-079; 95-151. See also Op. Att'y Gen. 2000-130 (report created as a part of an investigation into an employee's conduct and detailing an incident that gave rise to an allegation of misconduct likely constitutes an "employee evaluation/job performance record," rather than a "personnel record.")
It must be recognized, however, with regard to the employee evaluation/job performance records exemption, that the above observations assume that the records were created in connection with the evaluation of an employee's performance. Records generated by third parties, and not at the behest of someone in a position to evaluate the employee, generally do not constitute job performance or evaluation records. I have previously opined, for instance, with regard to complaint documents, that the exemption under § 25-19-105(c)(1) will not apply if the complaint was not created in the evaluation or investigation process. See, e.g., Op. Att'y Gen. Nos. 2000-179 and 99-283. As stated in Opinion 99-283:
 [The exemption under A.C.A. § 25-19-105(c)(1)] is limited to records created by or at the behest of the public employer. See, e.g., Op. Att'y Gen. 98-001 (documents received from third parties and not created by the employer as a part of an investigation are not `employee evaluation or job performance records,' but might be classified as `personnel records'); Op. Att'y Gen. 96-342 (records not made or given as part of the employing agency's inquiry or investigation are not `job performance records' and are generally subject to disclosure absent the presence of `intimate information' that might give rise to a privacy interest); and Op. Att'y Gen. 96-257 (same). See also Op. Att'y Gen. 99-026 (agreeing with my predecessor's conclusion that documents may be classified as `employee evaluation or job performance records' if they were created in the evaluation of the employee's performance).
To summarize, documents not created in the evaluation process do not come within the rationale behind the § 25-19-105(c)(1) exemption. That exemption promotes candor in a supervisor's evaluation of an employee's performance with a view toward correcting any deficiencies. See Watkins,The Arkansas Freedom of Information Act, supra at 141-142. Any such records that were not created in the evaluation of an employee may well constitute personnel records, to be reviewed under A.C.A. §25-19-105(b)(12), as discussed above. But they are not to be reviewed under § 25-19-105(c)(1).
To return, then, to employee evaluation/job performance records, such records are releasable only if the following three conditions have been met:
 1. there has been a final administrative resolution of any suspension or termination proceeding;
 2. the records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 3. there is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
The first two of these inquiries involve straightforward questions of fact that can be readily answered. If they are answered in the affirmative and if a compelling public interest dictates disclosure, as discussed below, the custodian should release the requested records. Conversely, if there has been no finally resolved suspension or termination, records relating to disciplinary actions, reprimands, and other records relating to an employee's performance or lack of performance on the job, as discussed above, remain confidential and nondisclosable.
If there has been a final suspension or termination and the records formed a basis for that decision, then the inquiry focuses on the existence of a "compelling public interest" in the records' disclosure. The FOIA contains no definition of this phrase. Clearly, whether or not a "compelling public interest" exists is also a question of fact to be determined on a case-by-case basis. According to Professor Watkins, "[t]he nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest' question." Watkins, supra at 146. Watkins further points out: "The public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees. . . . However, the mere fact that an employee has been suspended or terminated does not mean that the records should be made public; if that were the case, the `compelling public interest' phrase would be a redundancy." Id. at 145-46. With respect to the requisite degree of public concern, Watkins states: "A general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present." Id. at 147. However, the status of the employee, i.e., "his rank within the bureaucratic hierarchy" may be a factor in determining whether a "compelling public interest" exists. Id.
at 146-47 (noting that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue").
It is my opinion that the public has a particularly compelling interest in the conduct of their children's teachers and other school authorities during school hours and school-related events. Given this fact, and the status of the employees to whom the particular records in question relate, I believe it is likely that the "compelling public interest" part of the test will be met in this instance as to any of the records that are properly categorized as job performance or evaluation records.
Some of these records may also implicate the Federal Educational Rights Privacy Act (20 U.S.C. § 1232g) (FERPA), as well as a new language that has recently been added to the Arkansas FOIA. The FERPA generally provides that educational institutions can lose their federal funding if they disclose "education records" or "personally identifiable information contained therein" without the written consent of the student (or the student's parent if the student is under the age of eighteen.20 U.S.C. § 1232g(b)(1). The term "education records" is defined broadly in the FERPA as "records, files, documents and other materials which . . . contain information directly related to a student."20 U.S.C. § 1232g(a)(4)(A). If the District fails to redact students' names or other personally identifying information from "education records" without obtaining the parents' consent before releasing the records, it will risk losing any federal funding that it receives. Moreover, the student's name or personally identifying information should be redacted under a new language that has been added to the Arkansas FOIA. Act 1653 of 2001 added the following language to the FOIA:
 (b) It is the specific intent of this section that the following shall not be deemed to be made open to the public under the provisions of this chapter:
* * *
 (2) . . . education records as defined in the Federal Educational Rights and Privacy Act of 1974, 20 U.S.C. § 1232g, unless their disclosure is consistent with the Federal Educational Rights and Privacy Act of 1974[.]
A.C.A. § 25-19-105(b)(2).
To summarize, several different categories of records may be involved in this FOIA request, requiring the application of different tests for their release. My review indicates, however, that most of the records constitute either "personnel records" or "employee evaluation or job performance records," depending upon the surrounding facts and circumstances. Making this determination will obviously entail a factual inquiry that I am unable and unauthorized to undertake. It is my hope, however, that the foregoing will offer substantial guidance for the custodian who must undertake this inquiry.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh